NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

DEC 18 2023

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

TEMPE HOSPITALITY VENTURES, LLC, an Arizona limited liability company,

Plaintiff-Appellant,

v.

HIGHGATE HOTELS, LP, a Delaware limited partnership,

Defendant-Appellee.

No.    22-16330

D.C. No. 2:22-cv-00647-SPL

MEMORANDUM[*]

Appeal from the United States District Court
for the District of Arizona
Steven Paul Logan, District Judge, Presiding

Submitted October 16, 2023[**]
Submission Vacated October 18, 2023
Resubmitted December 18, 2023
Phoenix, Arizona

Before:  IKUTA, BADE, and BRESS, Circuit Judges.
Concurrence by Judge BRESS.

Plaintiff-Appellant Tempe Hospitality Ventures, LLC appeals the district

---

[*]    This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]    The panel unanimously concludes this case is suitable for decision without oral argument.  See Fed. R. App. P. 34(a)(2).

court's order compelling it to arbitrate its claims against Defendant-Appellee Highgate Hotels, LP. We issued a limited remand so the district court could ascertain its jurisdiction, and that court concluded it had jurisdiction under 28 U.S.C. § 1332. We have jurisdiction under 9 U.S.C. § 16(a)(3), and we affirm.

1. The Hotel Management Agreement's (HMA) adoption of the American Arbitration Association's commercial arbitration rules constitutes clear and unmistakable evidence that the parties intended to delegate threshold questions of arbitrability to an arbitrator. *See Brennan v. Opus Bank*, 796 F.3d 1125, 1130 (9th Cir. 2015). The district court properly concluded that an arbitrator must decide whether Tempe Hospitality's claims are within the scope of the HMA's arbitration clause. *See, e.g.*, *Henry Schein, Inc. v. Archer & White Sales, Inc.*, 139 S. Ct. 524, 527 (2019) (stating that parties may "agree by contract that an arbitrator, rather than a court, will resolve threshold arbitrability questions as well as underlying merits disputes").

2. The carve-out provision in section 23.3.7 of the HMA does not negate the parties' clear and unmistakable delegation of arbitrability questions to an arbitrator. Whether section 23.3.7 permits Tempe Hospitality to litigate in the district court its claim seeking declaratory relief is a delegable question of arbitrability because "when a tribunal decides that a claim falls within the scope of a carve-out provision, it necessarily decides arbitrability." *Oracle Am., Inc. v. Myriad Grp.*

2

*A.G.*, 724 F.3d 1069, 1076 (9th Cir. 2013).  Because the parties clearly and unmistakably delegated arbitrability questions, an arbitrator must decide whether the declaratory relief claim is exempt from arbitration under section 23.3.7.  The district court correctly concluded that the language in section 23.3.7 does not nullify the delegation of threshold arbitrability questions.  Moreover, because the claim seeking declaratory relief challenges the enforceability of the HMA's fees provision rather than the enforceability of the delegation provision, the claim is not exempt from arbitration.  *See Rent-A-Ctr., W., Inc. v. Jackson*, 561 U.S. 63, 72 (2010) (stating that a court must enforce an arbitration agreement containing a delegation provision unless a party "challenged the delegation provision specifically").

**AFFIRMED.**

*Tempe Hospitality v. Highgate Hotels*, No. 22-16330

BRESS, Circuit Judge, concurring in the judgment:

The parties' Hotel Management Agreement (HMA) adopted the American Arbitration Association's (AAA) commercial arbitration rules. I agree with the majority that, standing alone, this would constitute "clear and unmistakable evidence" that the parties intended to delegate threshold questions of arbitrability to an arbitrator. *See Brennan v. Opus Bank*, 796 F.3d 1125, 1130 (9th Cir. 2015). If that were the only question, this would be a very easy case under our precedents. But the HMA also contains a provision, Section 23.3.7, which states that "the Parties shall have the right to commence litigation or other legal proceedings with respect to any Claims solely relating to . . . enforcement of the dispute resolution provisions of this Agreement." Tempe Hospitality Ventures argues that this provision allows it to challenge the enforceability of the arbitration clause in court. In Tempe's view, the arbitration clause is unconscionable, and Section 23.3.7 evinces the parties' intent to allow a court to decide whether the arbitration clause is enforceable.

The majority concludes that the meaning of Section 23.3.7 is a matter for the arbitrator because "when a tribunal decides that a claim falls within the scope of a carve-out provision, it necessarily decides arbitrability." *Oracle Am., Inc. v. Myriad Grp. A.G.*, 724 F.3d 1069, 1076 (9th Cir. 2013). The appellee here did not invoke *Oracle* in this way, and the majority's reliance on the case is not correct.

1

*Oracle* involved an arbitration clause that incorporated commercial arbitration rules, like those of the AAA, which direct that questions of arbitrability are to be decided by the arbitrator. *Id.* at 1071, 1073. But the arbitration clause there also contained a "carve-out" providing that certain types of claims could be brought in court. *Id.* at 1071. Oracle argued that the carve-out expressed the parties' intent that a court would decide arbitrability. *Id.* at 1075. We disagreed because "Oracle's argument conflates the *scope* of the arbitration clause, *i.e.*, which claims fall within the carve-out provision, with the question of *who* decides arbitrability." *Id.* at 1076 (emphasis in original).

The majority here appears to conclude that because the HMA has an arbitration provision that incorporates the AAA rules, the parties have necessarily evinced a clear and unmistakable intent to delegate questions of arbitrability to the arbitrator, who can then decide if a carve-out (Section 23.3.7) disallows the arbitration of Tempe's unconscionability argument. But a provision that could be described as "carve-out" does not inescapably go to the scope of the arbitration clause. We reached that conclusion in *Oracle* only after interpreting the disputed carve-out and concluding that it was simply a limit on what claims could be arbitrated, not a limit on arbitrators deciding arbitrability. *See* 724 F.3d at 1076.

Here, Tempe effectively argues that the parties incorporated the AAA rules (and their delegation of arbitrability to the arbitrator) but also adopted a warring

2

provision in Section 23.3.7 that directs courts to decide the enforceability of the dispute resolution provisions. If that were true, there likely would not be the required "clear and unmistakable evidence" that the parties intended to delegate questions of arbitrability to the arbitrator. So to decide whether there is, in fact, clear and unmistakable evidence of an agreement to arbitrate, we need to interpret Section 23.3.7 ourselves, as the district court below did.

That is what we did in *Oracle* itself. There, we did not walk away from the carve-out just because it was a carve-out, but rather explained why the carve-out was—in that case—merely a limit on the scope of arbitrable claims and not reflective of any agreement that a court could decide threshold issues of arbitrability. In other words, it is not enough to describe Section 23.3.7 as a carve-out from the arbitration clause when Tempe is arguing that this provision specifically directs a court to decide if the agreement to arbitrate is enforceable.[1]

Turning to the meaning of Section 23.3.7, I conclude, like the district court, that Tempe's interpretation is incorrect. Section 23.3.7 does not allow courts to decide the "enforceability" of the HMA's dispute resolution mechanisms. It instead

---

[1] At one point, the majority states that "[t]he district court correctly concluded that the language in section 23.3.7 does not nullify the delegation of threshold arbitrability questions." But the district court did what I am doing and what the majority elsewhere indicates should not be done: interpret the meaning of Section 23.3.7. The majority cannot say both that the meaning of Section 23.3.7 is for the arbitrator and that the district court correctly interpreted it.

states in relevant part that the parties may litigate in court with respect to "*enforcement* of the dispute resolution provisions of this Agreement." Enforcement does not mean enforceability. Instead, "enforcement" means "[t]he act or process of compelling compliance with a[n] . . . agreement." *Enforcement*, *Black's Law Dictionary* (11th ed. 2019). Thus, under Section 23.3.7 a party could go to court to compel arbitration. But that does not mean a court can decide the enforceability of the arbitration clause itself.

Because Tempe is wrong about the meaning of Section 23.3.7, what we are left with is the HMA's adoption of the AAA rules. Under our case law, incorporation of those rules is clear and unmistakable evidence of an intent to delegate questions of arbitrability (like Tempe's unconscionability argument) to the arbitrator. *See Brennan*, 796 F.3d at 1130. And Tempe raises no specific unconscionability argument as to this delegation provision itself. *See Rent-A-Center, W., Inc. v. Jackson*, 561 U.S. 63, 71–72 (2010).

For these reasons, the district court properly ordered that the parties' dispute proceed in arbitration.